UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN RUFFIN,                              :
            Plaintiff,                    :
                                          :
      v.                                  :        Case No. 3:15-cv-476 (VAB)
                                          :
COMMISSIONER SEMPLE, et al.,              :
            Defendants.                   :

### RULING AND ORDER

Plaintiff, John Ruffin, is currently incarcerated at Willard-Cybulski Correctional Institution. He has filed a civil rights complaint against Commissioner Scott Semple, District Administrator Angel Quiros, Warden Carol Chapdelaine, Deputy Warden/Warden William Faneuff, Deputy Warden Brian Bradway, Property Officer Melendez and Grievance Coordinators John/Jane Doe. For the reasons set forth below, the complaint is dismissed.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" or "'naked

assertion[s]' devoid of 'further factual enhancement'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

On September 26, 2013, Plaintiff arrived at MacDougall Correctional Institution.  Property Officer Melendez allegedly confiscated Plaintiff's legal materials and placed them in storage. Plaintiff allegedly informed Officer Melendez that he needed access to his legal materials because he was litigating several cases, including a *habeas* petition.  Correctional staff allegedly refused to provide Plaintiff with access to the materials.

Shortly after his arrival at MacDougall, Plaintiff allegedly informed the judge who was presiding over a civil matter that he had filed in state court that he was not prepared to file any motions because correctional staff had denied him access to his legal materials.  The judge allegedly issued an order directing an assistant attorney general to ensure that correctional staff at MacDougall provided the plaintiff with the opportunity to review and use his legal materials.  On October 11, 2013, pursuant to an order from Warden Chapdelaine, officers allegedly returned Plaintiff's legal materials to him.

Plaintiff generally asserts that during the remainder of his confinement at MacDougall, staff subjected him to reprisals and harassment.  He claims that Officer Melendez harassed him in retaliation for his filing of grievances.  He asserts that there was an attempt by administrators to cover up the acts of harassment and reprisal.

## I.    Official Capacity Claims

Plaintiff seeks monetary damages.  To the extent he seeks damages against the defendants in their official capacities, the claims are barred by the Eleventh Amendment.  *See Kentucky v.*

*Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2), which states that "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . seeks monetary relief from a defendant who is immune from such relief."

## II.     Access to Courts Claims

It is well settled that inmates have a First Amendment right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To state a claim for denial of access to the courts, Plaintiff is required to demonstrate that he suffered an actual injury as a result of the conduct of the defendants.  *See Lewis v. Casey*, 518 U.S. 343, 353 (1996).  To establish an actual injury, Plaintiff must allege facts showing that a defendant took or was responsible for actions that hindered Plaintiff's efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts.  *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997), *cert. denied*, 525 U.S. 823 (1998).

Plaintiff claims that he did not have access to his legal materials after his transfer to MacDougall on September 26, 2013.  When he brought this fact to the attention of a superior court judge, the judge directed an assistant attorney general to ensure that correctional staff provided the plaintiff with access to his legal materials.  Plaintiff concedes that correctional staff returned his legal documents to him on October 11, 2013.

Plaintiff does not allege that any cases that he had filed were delayed or dismissed or prejudiced in any way because he did not have access to his legal documents for fifteen days.  Accordingly, Plaintiff does not meet the injury requirement set forth in *Lewis*.  His claim regarding denial of access to the courts is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

### III.    Grievance Procedure Claims

Plaintiff describes John/Jane Doe as employees at MacDougall who were in charge of the grievance process during his confinement there.  "It is well established . . . that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008) (collecting cases).  Thus, the alleged failure of prison officials to respond to or process inmate requests or grievances in a timely manner does not violate any constitutionally or federally protected rights of the plaintiff.  *See Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("Although state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests, state statutes do not create federally protected due process entitlements to specific state-mandated procedures.") (citations omitted); *Pocevic v. Tung*, No. 3:04-cv-1067, 2006 WL 680459, at *8, 2006 U.S. Dist. LEXIS 10037, at *23-24 (D. Conn. Mar. 14, 2006) (finding "no federally or constitutionally protected right that was violated by [a defendant's] failure to comply with the institutional procedures regarding the timing of his response to [the plaintiff's] level 2 grievance").  Accordingly, any claims by Plaintiff regarding the failure of John/Jane Doe to properly process or timely respond to his grievances are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

### IV.    Retaliation Claims

Plaintiff claims that defendant Melendez harassed and engaged in reprisals against him after he filed grievances and asserted complaints.  Plaintiff does not describe the acts of harassment or the reprisals.  Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient.  *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 2003).  To state a retaliation claim, Plaintiff must show that his conduct or speech was protected by the Constitution or federal law,

prison officials took adverse action against him, and the protected conduct or speech was a substantial or motivating factor in the alleged retaliatory or adverse action by prison officials.  *See Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).  The use of the prison grievance system constitutes participation in a protected activity.  S*ee id.* at 384.

Plaintiff states that, after he filed grievances and complaints, Officer Melendez harassed him and engaged in reprisals.  He also asserts that administrative staff attempted to cover up the harassment.  Although Plaintiff claims that he participated in a protected activity, filing grievances, his allegations are not sufficiently specific to put the defendants on notice of the type of retaliatory conduct they allegedly engaged in after he filed the grievances.  The general allegation that the conduct of the defendants was retaliatory is not supported by any facts.  *See Flaherty*, 713 F.2d at 13 (retaliation claims may not be "in wholly conclusory terms").  The Court concludes that Plaintiff has failed to state a plausible claim of retaliation against any of the defendants.  The retaliation claims are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The Court enters the following orders:

(1)     The claims against all defendants in their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and all other claims against the defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The Clerk is directed to enter judgment for the defendants and close this case.  If Plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

(3)     The Court will permit Plaintiff an opportunity to file an amended complaint with regard to his claims of retaliation against defendants Semple, Quiros, Chapdelaine, Faneuff, Bradway, and Melendez, provided he can assert specific facts that show when he filed grievances,

when each defendant allegedly engaged in retaliatory conduct in response to the grievances, a description of the retaliatory conduct, and any other evidence that might show the conduct was retaliatory.  If Plaintiff chooses to file an amended complaint, it must be accompanied by a motion to reopen the judgment and must be filed **within twenty days** of the date of this order.

SO ORDERED at Bridgeport, Connecticut, this 4th day of January, 2016.


 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE